# United States District Court
## For The District of Colorado

Criminal Action No. 96-cr-303-ABJ-RMB

UNITED STATES OF AMERICA,

   Plaintiff,

   vs.

DEWAYNE BROOKS,

   Defendant.

## ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS AND ORDER DENYING MOTION FOR MODIFICATION OF UNLAWFUL SENTENCE

  The above-entitled matter came before this Court upon Mr. Brooks' petition for a writ of coram nobis. Alternatively, Mr. Brooks seeks a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court has considered the petition, the alternative motion and all other information contained in the court file, and finds that the petition and alternative motion should be DENIED.

### BACKGROUND

  On June 18, 1997, after a three-day jury trial, Mr. Brooks was found guilty of sale, distribution or dispensing a controlled substance, in violation of 21 U.S.C. 841(A). Mr. Brooks appeared before the Court for sentencing on September 24, 1997 and received a sentence of 165 months imprisonment and 5 years supervised release. Mr. Brooks appealed

his conviction and sentence to the United States Court of Appeals for the Tenth Circuit. The Tenth Circuit affirmed his conviction on November 12, 1998. *United States v. Brooks*, 161 F.3d 1240 (10th Cir. 1998).

In 2001, Mr. Brooks filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His motion was denied. In 2005, Mr. Brooks again attempted to file a § 2255 motion. The motion was transferred to the Tenth Circuit. The Tenth Circuit declined to issue an order permitting Mr. Brooks to proceed with a second or successive § 2255 motion.

Mr. Brooks is now before the Court seeking relief under a petition for writ of coram nobis. Alternatively, he asks this Court to consider a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

## ANALYSIS

### 1. Petition for Writ of Coram Nobis

Coram nobis relief is available under certain circumstances to challenge the validity of a conviction even though the defendant is no longer in custody and the sentence has been fully served. *United States v. McClelland*, 941 F.2D 999, 1002 (9th Cir. 1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). A prisoner, however, may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002).

Mr. Brooks is currently in custody. As such, he is unable to establish one of the

elements required for the Court to consider his petition for a writ of coram nobis. The petition, therefore, must be denied.

**2. Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)**

18 U.S.C. § 3582(c)(2) permits the modification of sentence under the following circumstances:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Brooks argues that disparities in the sentencing calculations for possession of crack cocaine and cocaine base are unfair. As a result, he contends that the application of these sentencing calculations created a miscarriage of justice in his case. The Court is not persuaded by this argument.

As an initial matter, 18 U.S.C. § 3553(c)(2) states in its own language that its applicability is limited to sentencing ranges that have been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). The provisions under which Mr. Brooks was sentenced have not been modified pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3553(c)(2) is, therefore, inapplicable in Mr. Brooks' case.

Further, the motion filed by Mr. Brooks attempts to argue that his sentence is unconstitutional. A 28 U.S.C. § 2255 motion is the exclusive remedy for challenging the

validity of a judgment and sentence, unless it is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Mr. Brooks makes no showing in his motion that § 2255 is an inadequate or ineffective method of challenging his sentence. In fact, Mr. Brooks has twice availed himself of the opportunity to file a § 2255 motion.

The Court finds no authority to review Mr. Brooks' claim under the provision cited in his motion. As such, his motion should be denied.

NOW, THEREFORE, IT IS HEREBY ORDERED that Mr. Brooks' petition for writ of coram nobis is hereby DENIED. It is

FURTHER ORDERED that Mr. Brooks' motion to modify term of imprisonment shall be DENIED.

Dated this   29th   day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION